[No. 8516.  Department Two.  March 9, 1910.]

CEDAR RAPIDS NATIONAL BANK, *Appellant*, v. MYHRE
BROTHERS *et al.*, *Respondents.*[1]

BILLS AND NOTES—HOLDER IN GOOD FAITH—BURDEN OF PROOF.  In
an action upon a promissory note, defended on the ground of failure
of consideration, breach of warranty and fraud in its inception,
clearly established by the evidence, the burden of proof is upon the
plaintiff to show that it is the holder in good faith, under Rem. &
Bal. Code, § 3450, so providing as to a holder in due course, when
it is shown that the title of the person who negotiated it is defective,
and Id. § 3443, defining a holder in due course.

APPEAL—REVIEW—VERDICTS.  A verdict upon conflicting evidence
will not be disturbed on appeal if there was sufficient testimony for
legal consideration by the jury.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered May 17, 1909, upon the
verdict of a jury rendered in favor of the defendants, in an
action on a promissory note.  Affirmed.

*Munter & Lovejoy*, for appellant.
*Davis & Davis*, for respondents.

PER CURIAM.—This is an action brought by appellant
bank against the respondents, Myhre Brothers, to recover
on a promissory note for $234, executed and delivered by
respondents to the Sterling Manufacturing Company, and
by said corporation transferred by indorsement before ma-
turity.  The note was given in payment for a consignment
of jewelry.  Respondents defended the action on the ground
of failure of consideration, breach of implied warranty, and
fraud in the inception of the instrument sued on, and denied
that appellant was an innocent purchaser for the value be-
fore maturity in the usual course of business.  The case was
submitted to a jury, who returned a verdict in favor of re-
spondents, the defendants in the action below.

[1]Reported in 107 Pac. 518.

The testimony is overwhelming that the jewelry was worthless, and that the note was obtained by misrepresentation and fraud. The second question involved is, was the plaintiff bank the holder of the note in due course. Section 59 of the negotiable instruments law, Laws 1899, p. 351 (Rem. & Bal. Code, § 3450), is as follows:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course."

And section 52 of the same act (Rem. & Bal. Code, § 3443) is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:
"(1)  That it is complete and regular upon its face;
"(2)  That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
"(3)  That he took it in good faith and for value;
"(4)  That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

So it appears that the burden was upon the plaintiff in this case to show that it was a holder in good faith, and the question of whether or not that burden was successfully met was one which was submitted to the jury, and by its verdict it has decided that question against the appellant. On both questions involved there was sufficient testimony for the legal consideration of the jury, and their verdict will therefore not be disturbed.

Notwithstanding the many assignments, we are not able to discover any error on the part of the court in admitting or rejecting testimony, or in giving or refusing instructions. The judgment is affirmed.